aEE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERLEEN CAMPBELL, Administrator of the Estate of W.C. Campbell, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>COCA-COLA ENTERPRISES, INC. and DIXIE-NARCO, INC.,<br><br>Defendants. | Case No. 11 C 1674<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Erleen Campbell ("Campbell"), filed a Complaint in the Circuit Court of Cook County, Illinois, based on the injuries and eventual death of her husband, W.C. Campbell, after he was electrocuted while servicing a soft-drink vending machine. Campbell filed her Complaint against Defendants, Coca-Cola Enterprises, Inc. ("Coca-Cola") and Dixie-Narco, Inc. ("Dixie-Narco") on February 23, 2011. Coca-Cola removed the case to this Court on March 10, 2011, on the basis of diversity jurisdiction. Against Coca-Cola, Campbell asserts claims for wrongful death and survival based on a theory of strict products liability (Counts I and II, respectively) and wrongful death and survival based on negligence (Counts V and VI, respectively). Against Dixie-Narco, Campbell also asserts claims for wrongful death and survival based on a theory of strict products liability (Counts III and IV, respectively) and wrongful death and survival based on negligence (Counts VII and VIII, respectively).

Dixie-Narco has filed a Motion for Partial Summary Judgment on Counts III and IV.

## BACKGROUND

The following facts are taken from Dixie-Narco's statements of undisputed material facts submitted in accordance with Local Rule 56.1.[1] Campbell did not file a response to Dixie-Narco's statement of facts, as required by Local Rule 56.1(b)(3)(B). A litigant's failure to dispute the facts set forth in its opponent's statement in the manner required by Local Rule 56.1 results in those facts' being deemed admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Campbell is the wife of W.C. Campbell. (Dixie-Narco's LR 56.1(a)(3) ¶ 1.) Dixie-Narco is a Delaware corporation with its principal place of business in Williston, South Carolina. (*Id.* ¶ 2.)

On August 26, 2009, W.C. Campbell was working at Ace Coffee Bar, servicing the vending machine (the "Vending Machine"), when he was electrocuted. (*Id.* ¶ 9.) Campbell alleges that the Vending Machine is a model DN501ECC/S11-9, manufactured and sold by Dixie-Narco. (*Id.* ¶ 10.)

Dixie-Narco conducted an investigation into the events. (*Id.* ¶ 12.) Dixie-Narco has attached the affidavit of Patrick Luem, an Agency Compliance Test Engineer for Crane Merchandising Systems, Inc. ("Crane") to its Motion for Summary Judgment. (Dkt. No. 20-1 ("Luem Aff.").) Crane is the successor corporation to Dixie-Narco, Inc. which Crane purchased in 2006. (Luem Aff. ¶ 3.) Luem has been employed by Crane as

---

[1] Local Rule 56.1(a)(3) requires the party moving for summary judgment to provide "a statement of material facts as to which the moving party contends there is no genuine issue." Local Rule 56.1(b)(3)(B) then requires the nonmoving party to admit or deny each factual statement proffered by the moving party and to concisely designate any material facts that establish a genuine dispute for trial. *See Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005).

an Agency Compliance Test Engineer for four years. (*Id.* ¶ 2.) On June 2, 2011, Luem went to Ace Coffee Bar, located at 601 East Lake Street, Streamwood, Illinois, and examined the Vending Machine that allegedly caused W.C. Campbell's injuries and death. (*Id.* ¶ 6.)

During the course of Luem's inspection, Luem identified the Vending Machine as a model DN501ECC/S11-9 vending machine, manufactured and sold by Dixie-Narco. (*Id.* ¶ 7.). Luem further attests that he identified "the Vending Machine as having a serial number 09136468 (sometimes transposed as serial number 64680913)." (*Id.* ¶ 7.) After Luem's inspection of the Vending Machine, Luem reviewed the "build record" for the Vending Machine and, from the "build record," determined that the Vending Machine was built on March 26, 1998, and was shipped to Coca-Cola Bottling Company at 5321 West 122nd Street, Alsip, Illinois, 60803, on March 30, 1998. (*Id.* ¶ 8.)

Luem attached a copy of the screen shot of the "build record" to his affidavit (the "Build Record"). (Dkt. No. 20-1, Ex. 1.) Dixie-Narco submitted an illegible black-and-white screen shot of the Build Record. To its reply brief, Dixie-Narco submitted a color image of the screen shot, which has better clarity. (Dkt. No. 28, Ex. 1.)

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If the moving party meets this burden, the nonmoving party cannot rest on

conclusory pleadings but "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Serfecz v. Jewel Food Stores*, 67 F.3d 591, 596 (7th Cir. 1995) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986)). A mere scintilla of evidence is not sufficient to oppose a motion for summary judgment, nor is a metaphysical doubt as to the material facts. *Robin v. Espo Eng. Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal citation omitted). Rather, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (*Anderson*)).

## ANALYSIS

Dixie-Narco argues there is no genuine issue of material facts that Campbell's claims based on a strict products liability theory are time barred. Section 13-213(b) of the Illinois Code of Civil Procedure provides:

> Subject to the provisions of subsections (c) and (d) no product liability action based on any theory or doctrine shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier, of any product unit that is claimed to have injured or damaged the plaintiff, unless the defendant expressly has warranted or promised the product for a longer period and the action is brought within that period.

735 ILCS 5/13-213(b). The parties do not dispute that the applicable statute of limitations is ten years. "Seller" is defined as "one who, in the course of a business conducted for the purpose, sells, distributes, leases, assembles, installs, produces, manufactures, fabricates, prepares, constructs, packages, labels, markets, repairs, maintains, or otherwise is involved in placing a product in the stream of commerce."

4

735 ILCS 5/13-213(a)(4). The parties agree that Dixie-Narco is a seller within the meaning of Section 13-213.

Dixie-Narco argues that there is no genuine issue of material fact that the Vending Machine was manufactured on March 26, 1998, and shipped to Coca-Cola on March 30, 1998. Therefore, it argues, Campbell's Complaint, filed on February 23, 2011, is barred by the applicable ten-year statute of limitations.

Campbell objects to Dixie-Narco's use of the Build Record pursuant to Federal Rule of Civil Procedure 56(c)(2), which provides, "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The Build Record contains fields, including "Date Shipped, "Date Produced," "Ship-To," "Serial Number," "Model," and "Model Description."

Campbell objects that the information contained in the Build Record is hearsay and does not qualify for the business-records exception to the hearsay rule. Federal Rule of Evidence 803(6) provides in pertinent part:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> * * *
>
> **(6) Records of Regularly Conducted Activity.** – A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness.

Dixie-Narco does not contest that the information contained within the Build Record is hearsay. *See* Fed. R. Evid. 801(c) (defining hearsay as "a statement, other than

5

one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.") Dixie-Narco argues, however, that it has sufficiently laid foundation for the admission of the Build Record as a business record under Rule 803(6).

In order to be "admissible as business records under Fed. R. Evid. 803(6) . . . a proper foundation [must be laid] as to the reliability of the records." *Collins v. D.J. Kibort,* 143 F.3d 331, 337 (7th Cir. 1998) (*Collins*). To establish a proper foundation at the summary judgment stage, "the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." *Woods v. City of Chicago,* 234 F.3d 979, 988 (7th Cir. 2000) (citations omitted).

"A party establishes a foundation for admission of business records when it demonstrates through the testimony of a qualified witness that the records were kept in the course of regularly conducted business activity, and that it was the regular practice of that business to make such records." *United States v. Given,* 164 F.3d 389, 394 (7th Cir. 1999) (citing *Collins,* 143 F.3d at 337). Once the proponent of a summary has established that certain records are, in fact, business records, a summary of those records is admissible under Rule 1006, subject to that rule's separate requirements. *AMPAT/Midwest, Inc. v. Ill. Tool Works, Inc.,* 896 F.2d 1035, 1045 (7th Cir. 1990).

Dixie-Narco has not laid any foundation for the admissibility of the Build Record as a business record. Luem avers only that he is "familiar with the records which reflect the build and sale date for vending machines manufactured by Dixie-Narco" and that he

6

"personally reviewed the build record for the Vending Machine." (Luem Aff. ¶¶ 4, 8.) Luem's affidavit contains no statements as to the custody of the Build Record, for example,

whether the Build Record was kept in the course of Dixie-Narco's regularly conducted business activity or whether it was the regular practice of Dixie-Narco to make such records. Nor has Dixie-Narco submitted an affidavit from any other representative of its company. Accordingly, without proper authentication, the Build Record is inadmissible hearsay. *See Al's Service Center, Inc. v. BP Products North America*, No. 03 C 4508, 2009 WL 1543720, at *2 (N.D. Ill. June 1, 2009) (sustaining plaintiffs' objections to the admissibility of exhibits on hearsay grounds on summary judgment because defendant "failed to include an affidavit authenticating the documents and establishing how they come within an exception (such as the business-record exception) to the hearsay rule."); *Marine v. H.J. Mohr & Sons, Co.*, No. 04 C 2989, 2005 WL 2293673, at *15 (N.D. Ill. Sept. 19, 2005) (holding, on summary judgment, that evidence is inadmissible because of defendant's "failure to lay a proper foundation to meet the business record exception to hearsay."). After excluding the Build Record, Dixie-Narco has presented no evidence regarding the manufacture or ship date of the Vending Machine.

But even if Dixie-Narco had provided proper authentication for the Build Record, Dixie-Narco's Motion must still be denied. Dixie-Narco has failed to establish there is *no* genuine issue of material fact as to when the Vending Machine was manufactured or shipped. Dixie-Narco assumes, without explanation, that the correct serial number of the Vending Machine is the "transposed version" and has offered evidence only relating to

7

serial number "64680913." In her Complaint, Campbell alleges that the serial number on the Vending Machine is "09136468." However, the Build Record contains a "Serial Number" field populated with the number "64680913." Luem inexplicably attests that the serial number "09136468" is "sometimes also transposed as serial number "64680913." In short, even if the Build Record were admitted, there is a genuine issue of material fact as to the correct serial number of the Vending Machine and, therefore, its accurate manufacture and ship date.

## CONCLUSION

For the reasons set forth above, Dixie-Narco's Motion for Partial Summary Judgment [20] is denied. Dixie-Narco is granted leave to file an amended motion for partial summary judgment regarding Counts III and IV of Campbell's Complaint.

Date: 1-18-12

JOHN W. DARRAH
United States District Court Judge